**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**SHAWNA TAYLOR,**

       **Plaintiff,**

**v.**                            **Civil Action No. 3:11cv590**

**JOEY EDWARDS,**
**and**
**ACAC, INC., d/b/a Approved Cash Advance,**

       **Defendants.**

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.     This is an action by a consumer alleging damages for violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, arising from Defendants' illegal seizure of Plaintiff's car when they had no legal right to take her vehicle. This action also is brought against Approved Cash Advance Corp., d/b/a Approved Cash Advance, a motor vehicle title lender, the creditor whose negligence and other misconduct contributed to the wrongful seizure and conversion of Plaintiff's vehicle. Finally, Plaintiff seeks money damages for conversion and pursuant to the Uniform Commercial Code (UCC) for, among other things, Defendants' seizure of her automobile when they had no right to do so, their breach of the peace in so doing, and for their failure to comply with Title 8.1 and with Title 9A of the UCC.

## JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15

U.S.C. §1692k(d), and has supplemental jurisdiction of the state law claims regarding the same

transaction and events under 28 U.S.C. § 1367(a).

## PARTIES

3.      Plaintiff Shawna Taylor ("Ms. Taylor") is a natural person who resides in

Virginia. Ms. Taylor is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. §

1692a(3).

4.      Defendant Joey Edwards is a repossession agent who uses one or more

instrumentalities of interstate commerce or the mails in a business the principal purpose of which

is the enforcement of security interests, including the taking of nonjudicial action to effect

dispossession of property claimed as collateral through enforceable security interests.

5.      Defendant Joey Edwards is a debt collector as defined by the FDCPA. 15 U.S.C.

§ 1692a(6).

6.      Defendant ACAC, Inc., d/b/a Approved Cash Advance ("Approved Cash

Advance") is a Delaware corporation doing business throughout the Commonwealth of Virginia,

with its principal place of business located at 1855 Executive Park Drive, Cleveland, Tennessee

37312 and has as its registered agent Corporation Service Company, located at Bank of America

Center, 16th floor, 1111 E. Main Street, Richmond, Virginia 23219.

## STATEMENT OF FACTS

7.      On July 27, 2010, when facing financial difficulty Ms. Taylor made the mistake

of taking out a "title loan" through Approved Cash Advance.

8.      When one takes out a car title loan, the loan is secured by giving the title lender the title to the consumer borrower's personal or family vehicle.

9.      Car title lending is similar to payday lending in that it preys on victims recently referred by the Virginia Supreme Court as "borrowers who … are most susceptible to being trapped in a vicious cycle of debt" through the use of extraordinarily high interest loans containing oppressive terms. *Ruby v. Cashnet, Inc.*, 281 Va. 604, 708 S.E.2d 871, 2011 Va. Lexis 93 (2011).

10.     The loan carries an astronomical interest rate, disclosed to Ms. Taylor as an Annual Percentage Rate of 300%, along with various other excessive charges that are characteristic of predatory loans like vehicle title loans.

11.     The due date on Ms. Taylor's loan was the third of the month.

12.     The first payment due date was September 3, 2010.

13.     Ms. Taylor made her first payment on September 3, 2010.

14.     Ms. Taylor made her October payment on October 2, 2010.

15.     Ms. Taylor made her November payment on November 3, 2010.

16.     Ms. Taylor made her December payment on December 3, 2010.

17.     Ms. Taylor made her January payment on January 3, 2011.

18.     Ms. Taylor made her February payment on February 3, 2011.

19.     Ms. Taylor went to Approved Cash Advance on March 3, 2011, at around 1:00 p.m. to make her payment.

20.     When she got there, Approved Cash Advance was closed.

21.     She waited, but the store did not reopen while she waited.

22.     Later that afternoon, she called Approved Cash Advance and got an answer.

23.     She offered to make a payment over the phone, but Approved Cash Advance said no.

24.     Ms. Taylor understood from the telephone conversation that she could pay the next day with no negative consequences.

25.     Ms. Taylor made her March payment on March 4, 2011.

26.     Ms. Taylor was current on her loan.

27.     With Defendant Joey Edwards acting as repossession agent for Defendant Approved Cash Advance, Defendants seized Ms. Taylor's car on March 10, 2011.

28.     When Defendants seized Ms. Taylor's car on March 10, 2011, Approved Cash Advance had no present right to possession of her vehicle.

29.     When Defendants seized Ms. Taylor's car on March 10, 2011, Approved Cash Advance had no present right to possession of her vehicle because she was not in default.

30.     In the alternative, Ms. Taylor asserts that when Defendants seized her car on March 10, 2011, Approved Cash Advance had no present right to possession of her vehicle because Approved Cash Advance considered Ms. Taylor's loan to have been in default for months for failure to make full payments, but had accepted her payments without acceleration of the loan or without treating the loan as being in default.

31.     In so doing, Approved Cash Advance waived Ms. Taylor's obligation to make future payments on time.

32.     After Ms. Taylor made late or partial payments, if in fact she did make late or partial payments, Approved Cash Advance did not give her reasonable notification that strict performance would thenceforth be required.

33.     After Ms. Taylor made late or partial payments, if in fact she did make late or partial payments, Approved Cash Advance did not give her any notification that strict performance would thenceforth be required.

34.     When Defendants seized Ms. Taylor's car on March 10, 2011, Defendants took "nonjudicial action to effect dispossession" of Ms. Taylor's car at a time when there was "no present right to possession of the property claimed as collateral through an enforceable security interest," in violation of the FDCPA. 15 U.S.C. § 1692f(6).

35.     Under the FDCPA, the taking of nonjudicial action to effect dispossession or disablement of property claimed as collateral through an enforceable security interest if there is no present right to possession of the property is a *per se* unfair practice when done with respect to property claimed as collateral for a debt incurred primarily for personal, family, or household purposes.

36.     The subject debt was for a personal loan, and was incurred primarily for personal, family, or household purposes, bringing the seizure of Plaintiff's car within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

37.     While repossession companies are ordinarily beyond the scope of the FDCPA, there are exceptions.

38.     For the purpose of § 1692f(6) the term "debt collector" as defined by the FDCPA includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. 15 U.S.C. § 1692a(6). ("For the purpose of section 1692f(6) of this title, (the term "debt collector") also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.")

39.     Defendants' repossession of Ms. Taylor's vehicle was covered by the Title 9A of the UCC, which applies to any transaction, regardless of its form, that creates a security interest in personal property or fixtures by contract. Va. Code § 8.9A-109(a)(1). *Cappo Management V, Inc., t/a Victory Nissan of Chesapeake v. Britt*, 282 Va. 33, 38, 711 S.E.2d 209, 211, 2011 WL 2277386, *3, 2011 Va. Lexis 124, *6 (Va. 2011); *Barnette v. Brook Road, Inc.* 457 F. Supp. 2d 647, 658 (E.D. Va. 2006).

40.     Defendant Approved Cash Advance had a nondelegable duty responsibility not to breach the peace during the repossession.

41.     Defendant Approved Cash Advance had a duty to ensure that the repossession did not breach the peace, no matter how tenuous the connection between it and the person who ultimately repossessed Ms. Taylor's car. *Clark v. Associated Commercial Corp.*, 877 F. Supp. 1439, 1448 (D. Kan. 1994).

42.     Because the duty not to breach the peace is nondelegable, Defendant Approved Cash Advance is liable to Ms. Taylor even if, for the sake of argument, Defendant Joey Edwards is found to be an independent contractor.

43.     EXHIBIT A attached hereto is a true copy of the car title loan.

44.     On the evening of March 10, 2011 at approximately 9:24 p.m., Ms. Taylor was sitting in her den, which sits directly in the path of her driveway.

45.     She heard what she thought to be the door handle of her vehicle being tampered with, followed by the abrupt successive racing of her car's engine.

46.     Because she had just gone back inside her home from securing the door locks of both her family's vehicles for the night approximately ten minutes earlier, she called out to her husband to see if he had gone outside to the vehicle.

47.     Ms. Taylor realized that it was not her husband because she the heard the engine race again and she saw her car jump over and off the curb in front of her home.

48.     She knew that it could not be her husband who was driving off in the vehicle because of the way the driver raced the engine once it was started and the way the car jumped the curb to leave the Taylors' yard.

49.     This was confirmed by Ms. Taylor's son, who was shouting to his father that someone was driving off in their car.

50.     It was also confirmed when Plaintiff saw her husband running down the hallway.

51.     At this point, Ms. Taylor had already gotten to the front door with her cell phone in hand, dialing 911.

52.     Ms. Taylor told the 911 dispatcher that her car had just been stolen from her driveway and that she needed assistance.

53.     A patrol car arrived quickly, driving up and down the street while another patrol car went in the direction that Ms. Taylor had reported seeing the vehicle headed from her den window.

54.     The dispatcher instructed Ms. Taylor to contact her insurance company to report the vehicle stolen.

55.     At this point several of Plaintiff's neighbors where coming outside to see what was going on.

56.     The Taylors' neighborhood experiences minimal criminal activity, making the sudden police presence of this magnitude unusual.

57.     Their neighbors were cautioned to make sure that their vehicles were locked, because a car theft was being reported and investigated.

58.     At approximately 9:54 p.m., as Ms. Taylor was on the phone with her insurance agency, she received a call back from the dispatcher telling her that her car had not been stolen and that it was coming back as a repossession.

59.     Defendants caused substantial damage to Plaintiff's car.

60.     Her car now, among other things, shuts off when it is put into drive, the transmission slips, the doors do not open from the outside, and there are many scratches on the car that were caused by Defendants' attempts to break into the car when they seized it.

**COUNT ONE**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT –**
**DEFENDANT JOEY EDWARDS**

61.     The allegations of the foregoing paragraphs of the Complaint are incorporated by reference.

62.     By seizing Plaintiff's car when she was not in default, Defendant Joey Edwards took nonjudicial action to effect dispossession or disablement of Plaintiff's car at a time when there was no present right to possession of the vehicle, in violation of U.S.C. § 1692f(6).

63.     As a result of the acts and omissions of Defendant Joey Edwards, Ms. Taylor has suffered actual damages and injury, including but not limited to, damage to her vehicle, severe stress, mental anguish and suffering, emotional distress, humiliation and embarrassment, damage to and loss of the use of her vehicle.

**COUNT TWO**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT –**
**DEFENDANT JOEY EDWARDS**

64.     The allegations of Paragraphs 1 through 63 of the Complaint are incorporated by reference.

65.     By seizing Plaintiff's car after Approved Cash Advance's waiver of Plaintiff's obligation to make full future payments on time, Defendant Joey Edwards took nonjudicial action to effect dispossession or disablement of Plaintiff's car at a time when there was no present right to possession of the vehicle, in violation of U.S.C. § 1692f(6).

66.     As a result of the acts and omissions of Defendant Joey Edwards, Ms. Taylor has suffered actual damages and injury, including but not limited to, damage to her vehicle, severe stress, mental anguish and suffering, emotional distress, humiliation and embarrassment, damage to and loss of the use of her vehicle.

**COUNT THREE**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT –**
**DEFENDANT JOEY EDWARDS**

67.     The allegations of Paragraphs 1 through 66 of the Complaint are incorporated by reference.

68.     Under Va. Code § 8.9-609, unless otherwise agreed, a secured party, such as Approved Cash Advance, has on default the right to take possession of the collateral, in this case, Plaintiff's car.  Section 8.9-609 provides further that, in taking possession, a secured party may proceed without judicial process, that is, it may engage in a self help repossession, if this can be done without a breach of the peace, or may, in the alternative, proceed by action, that is, it may proceed through the court system to recover possession of the collateral.

69.     Defendant Joey Edwards breached the peace when he seized Plaintiff's car, thus removing any right that may otherwise have existed to take nonjudicial action to effect dispossession or disablement of Plaintiff's car.

70.     Defendant Joey Edwards took nonjudicial action to effect dispossession or disablement of Plaintiff's car at a time when there was no present right to possession of the vehicle, in violation of U.S.C. § 1692f(6).

71.     As a result of the acts and omissions of Defendant Joey Edwards, Ms. Taylor has suffered actual damages and injury, including but not limited to, damage to her vehicle, severe stress, mental anguish and suffering, emotional distress, humiliation and embarrassment, damage to and loss of the use of her vehicle.

**COUNT FOUR**
**NEGLIGENCE – DEFENDANT APPROVED CASH ADVANCE**

72.     The allegations of Paragraphs 1 through 71 of the Complaint are incorporated by reference.

73.     Approved Cash Advance was negligent in handling the account and/or in instructing Defendant Joey Edwards to seize Ms. Taylor's automobile.

74.     As a direct and proximate result of Approved Cash Advance's negligence, Plaintiff has suffered actual damages and injury, including but not limited to, damage to her vehicle, severe stress, mental anguish and suffering, emotional distress, and loss of the use of her vehicle.

**COUNT FIVE**
**VIOLATION OF UNIFORM COMMERCIAL CODE –**
**BOTH DEFENDANTS**

75.     The allegations of Paragraphs 1 through 74 of the Complaint are incorporated by reference.

76.     Approved Cash Advance was prohibited from repossessing Plaintiff's car because she was current on her loan at the time of the repossession.

77.     Defendants therefore acted in noncompliance with Title 8.1A and with Title 8.9A of the UCC.

78.     The failure to comply renders them liable to Plaintiff for any loss caused by Approved Cash Advance's failure to comply with Title 9A and Part 6, the default provisions of Title 9A, and, in any event, for an amount not less than the credit service charge plus ten percent of the principal amount of the obligation or the time-price differential plus ten percent of the cash price, as provided by Va. Code § 8.9A-625.

79.     As a result of Defendants' acts and omissions, Ms. Taylor has suffered actual damages and injury, including but not limited to, damage to her vehicle, severe stress, mental anguish and suffering, emotional distress, and loss of the use of her vehicle.

**COUNT SIX**
**VIOLATION OF UNIFORM COMMERCIAL CODE –**
**BOTH DEFENDANTS**

80.     The allegations of Paragraphs 1 through 79 of the Complaint are incorporated by reference.

81.     In the alternative to her Fifth Cause of Action, Approved Cash Advance was prohibited from repossessing Plaintiff's car because it had waived Ms. Taylor's obligation to make future payments on time, and had not given her written notice that it would thenceforth insist on strict enforcement of or compliance with the terms of the title loan agreement.

82.     Defendants therefore acted in noncompliance with Title 8.1A and with Title 9A of the UCC.

83.     The failure to comply renders them liable to Plaintiff for any loss caused by Approved Cash Advance's failure to comply with Title 9A and Part 6, the default provisions of Title 9A, and, in any event, for an amount not less than the credit service charge plus ten percent

of the principal amount of the obligation or the time-price differential plus ten percent of the cash price, as provided by Va. Code § 8.9A-625.

84.     As a result of Defendants' acts and omissions, Ms. Taylor has suffered actual damages and injury, including but not limited to, damage to her vehicle, severe stress, mental anguish and suffering, emotional distress, and loss of the use of her vehicle.

## COUNT SEVEN
## VIOLATION OF UNIFORM COMMERCIAL CODE –
## BOTH DEFENDANTS

85.     The allegations of Paragraphs 1 through 84 of the Complaint are incorporated by reference.

86.     Defendants breached the peace when they seized Plaintiff's car.

87.     Defendants therefore acted in noncompliance with Title 8.1A and with Title 9A of the UCC.

88.     The failure to comply renders them liable to Plaintiff for any loss caused by Approved Cash Advance's failure to comply with Title 9A and Part 6, the default provisions of Title 9A, and, in any event, for an amount not less than the credit service charge plus ten percent of the principal amount of the obligation or the time-price differential plus ten percent of the cash price, as provided by Va. Code § 8.9A-625.

89.     As a result of Defendants' acts and omissions, Ms. Taylor has suffered actual damages and injury, including but not limited to, damage to her vehicle, severe stress, mental anguish and suffering, emotional distress, and loss of the use of her vehicle.

## COUNT EIGHT
## CONVERSION –BOTH DEFENDANTS

90.     The allegations of Paragraphs 1 through 89 of the Complaint are incorporated by reference.

91.     Defendants' actions in seizing Plaintiff's car when they had no right to do so constituted the tort of conversion, entitling Plaintiff to recover, among other things, the value of her vehicle at the time and the place of the taking..

92.     As a direct and proximate result of Defendants' conversion, Plaintiff has suffered actual damages and injury, including but not limited to, damage to her vehicle, severe stress, mental anguish and suffering, emotional distress, humiliation, fear, disruption of and stress within her family life, and lost time.

**COUNT NINE**
**TRESPASS – BOTH DEFENDANTS**

93.     The allegations of Paragraphs 1 through 92 of the Complaint are incorporated by reference.

94.     Defendants committed a trespass against Plaintiff, entitling Plaintiff to recover her actual damages.

95.     As a direct and proximate result of these Defendants' trespass, Plaintiff has suffered actual damages and injury, including but not limited to, damage to her vehicle, severe stress, mental anguish and suffering, emotional distress, humiliation, fear, disruption of and stress within her family life, and lost time, entitling her to an award of actual and punitive damages.

**REQUEST FOR PUNITIVE DAMAGES**

96.     Defendants acted with reckless disregard for Ms. Taylor's rights and interests, and the rights and interests of the general public in being able to rely on the accuracy and integrity of institutional financial transactions and dealings within the American free market economy, such as to justify an award of punitive damages against each of them.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

1.      Declaratory relief that Defendant Joey Edwards violated the Fair Debt Collection Practices Act;

2.      Award Plaintiff statutory damages against Defendant Joey Edwards for his violations of the Fair Debt Collection Practices Act;

3.      Award Plaintiff actual damages against Defendant Joey Edwards for his violations of the Fair Debt Collection Practices Act;

4.      Award Plaintiff reasonable attorneys' fees against Defendant Joey Edwards for his violations of the Fair Debt Collection Practices Act;

5.      Award Plaintiff costs against the Defendant Joey Edwards for his violations of the Fair Debt Collection Practices Act;

6.      Award Plaintiff actual damages against Defendant Approved Cash Advance for its negligence;

7.      Award actual damages against Defendants for their violation of the UCC.

8.      Award Plaintiff statutory damages against the Defendants for their violations of the UCC.

9.      Award actual damages against Approved Cash Advance for its conversion of Plaintiff's vehicle.

   10.    Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

                                        Respectfully submitted,
                                        Shawna Taylor
                                        By Counsel


_____/s/_____
By: Dale W. Pittman, VSB#15673
Counsel for Shawna Taylor
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

## CERTIFICATE OF SERVICE

        I hereby certify that on the 2nd day of January, 2012, I will electronically file the
foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification
of such filing (NEF) to the following:

                Henry C. Spalding, III, Esquire
                SANDS ANDERSON PC
                P.O. Box 1998
                Richmond, VA 23218-1998
                Counsel for Defendant ACAC, Inc.


                                        _____/s/_____
                                        Dale W. Pittman, VSB#15673
                                        Counsel for Shawna Taylor
                                        THE LAW OFFICE OF DALE W. PITTMAN, P.C.
                                        The Eliza Spotswood House
                                        112-A West Tabb Street
                                        Petersburg, VA 23803
                                        (804) 861-6000
                                        (804) 861-3368 (Fax)
                                        dale@pittmanlawoffice.com